GRIEVANCE ADMINISTRATOR v ATTORNEY
DISCIPLINE BOARD

Docket No. 99015. Decided October 31, 1994.

The Grievance Administrator, Attorney Grievance Commission, sought mandamus in the Supreme Court to reinstate several unrelated discipline cases that had been discontinued by the Attorney Discipline Board on the ground that, because the lawyers' licenses already had been revoked in earlier discipline cases, the lawyers were no longer within its jurisdiction. The Grievance Administrator argues that the court rules continue to govern the conduct of an attorney whose license is revoked, as well as eligibility requirements and procedure for reinstatement.

In a memorandum opinion, signed by Chief Justice CAVANAGH, and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, the Supreme Court *held:*

Under the court rules, the Attorney Discipline Board retains jurisdiction to consider misconduct committed during the period of licensure by attorneys whose licenses were later revoked, and has discretion to enter appropriate orders in discipline cases, such as a discontinuance without prejudice to further proceedings if, in the particular circumstances of a case, it is an appropriate order.

In these cases, the discontinuance orders of the board must be vacated, and the cases remanded for separate reconsideration and determination whether, in light of all the circumstances, discontinuance is the appropriate resolution at this time.

Vacated and remanded.

Justice LEVIN, dissenting, stated that where the construction of a court rule is seen by the majority as a matter of policy, the Court should tentatively decide the policy and propose an amendment clarifying the rule and, as required by MCR 1.201, publish it for comment by the bench and bar before taking final action. Where the question is seen to be a judicial matter to be decided by opinion, the Court should grant leave to appeal to provide an opportunity for oral argument, intervention by persons who may be adversely affected by the decision, the

presentation of briefs by amici curiae, and decision by opinion or opinions following such plenary consideration. In this case, the bench and bar should have an opportunity to be heard before final action is taken.

*Philip J. Thomas* and *Jane Shallal* for the plaintiff.

*John F. VanBolt* for the defendant.

MEMORANDUM OPINION. This dispute concerns several unrelated discipline cases that the Attorney Discipline Board (ADB) has discontinued (or has indicated an intention to discontinue). Each discontinuance is premised on the ground that, because the lawyer's license was already revoked in an earlier discipline case, the lawyer no longer is within the jurisdiction of the ADB.[1]

The Grievance Administrator has filed in this Court a complaint for mandamus.[2] MCR 7.304(A). He asks us to exercise superintending control[3] and reinstate the underlying discipline cases.

The Grievance Administrator argues that the court rules continue to govern the conduct of an attorney whose license is revoked,[4] as well as the eligibility requirements and procedure for reinstatement.[5] The Grievance Administrator further argues that public policy considerations strongly weigh in favor of continued prosecution where the misconduct is serious, since there may be legal and evidentiary obstacles to proving a

---

[1] The ADB orders thus indicate that the discontinuances are "without prejudice" so that the discipline proceedings can be reinstituted if the lawyer is later readmitted to the practice of law in Michigan.

[2] The Grievance Administrator has also filed a motion for immediate consideration, which we grant.

[3] MCR 7.304(A) permits the filing of a complaint for mandamus "to implement the Court's superintending control power over the . . . Attorney Discipline Board . . . ."

[4] MCR 9.119.

[5] MCR 9.123, 9.124.

stale misconduct charge if, after a number of years, the lawyer's license is reinstated and the second prosecution is reinstituted.

The ADB responds that MCR 9.101(5) defines an "attorney" as "a person regularly licensed or specially admitted to practice law in Michigan,"[6] and argues that a disbarred lawyer is no longer such a person. The ADB also says that its discontinuance orders are consistent with the views of two prior Grievance Administrators, who took the position that the ADB had no jurisdiction over disbarred lawyers.

The Grievance Administrator's arguments are persuasive. Under our court rules, the ADB retains jurisdiction to consider misconduct committed during the period of licensure by attorneys whose licenses were later revoked.

However, the ADB has discretion to enter appropriate orders in discipline cases. Thus, it may enter a discontinuance without prejudice to further proceedings if, in the particular circumstances of an individual case, that is the appropriate order.

We vacate the discontinuance orders of the Attorney Discipline Board and direct the ADB to reconsider separately each of the underlying discipline cases. On remand, the ADB must determine whether, in light of all the circumstances, a discontinuance is the appropriate resolution of each case at this time. MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. (*dissenting*). The question presented

---

[6] The Grievance Administrator replies that the definition should be understood to include any person who has been "regularly licensed or specially admitted to practice law in Michigan," even if the license to practice is suspended or revoked.

concerns the construction of a court rule. If the question is seen by the majority as one of policy, the Court should tentatively decide the policy and propose an amendment clarifying the court rule and, as required by MCR 1.201, publish it for comment by the bench and bar before taking final action.

If, on the other hand, the question is seen as adjudicative, a judicial matter to be decided by opinion, the Court should grant leave to appeal to provide an opportunity for oral argument, intervention by persons who may be adversely affected by today's decision, the presentation of briefs by amici curiae, and decision by opinion or opinions following such plenary consideration.

This is not a private dispute between the Attorney Grievance Commission and the Attorney Discipline Board. The profession, the bench and bar, should have an opportunity to be heard before final action is taken.