558 N.W.2d 212 (1997)
John M. KELLY, Petitioner,
v.
BOARD OF LAW EXAMINERS, Respondent.
Docket No. 99219.
Supreme Court of Michigan.
January 30, 1997.
The order of this Court dated June 27, 1996 directed the petitioner to show cause why the order of superintending control requested by his earlier complaint should issue. The petitioner's response and the reply filed by the Attorney Grievance Commission as amicus curiae have been considered.
The complaint for superintending control is considered again, and we ORDER that the Board of Law Examiners recertify the petitioner. Neither Rule 8 of the Rules of the Board of Law Examiners, nor any other rule or statute, authorizes the Board of Law Examiners to require that an attorney who has been reinstated pursuant to MCR 9.123 and MCR 9.124 also undergo character and fitness review in order to be recertified by the Board of Law Examiners.
The petitioner must comply with the conditions stated in the order of Tri-County Hearing Panel # 6 dated December 19, 1995. Those conditions include:
"1) Petitioner's payment of costs in the amount of $1732.90. Cost payment shall be made payable to the State Bar of Michigan, but submitted to the Attorney Discipline Board [719 Griswold Street, Suite 1910, Detroit, MI 48226] for proper crediting.
"2) Petitioner's right to engage in the active practice of law in the State of Michigan shall, in accordance with Rules 2 and 3 of the Supreme Court Rules Concerning the State Bar of Michigan, be conditioned upon Petitioner's active membership in the State Bar of Michigan. It shall be Petitioner's responsibility to notify the Attorney Discipline Board and the Grievance Administrator, in writing, that his annual dues to the State Bar of Michigan have been paid.
"3) Petitioner's recertification by the Board of Law Examiners of Michigan as required by MCR 9.123(C). It shall be the responsibility of Petitioner to file proof of his recertification by the Board of Law Examiners with the Attorney Discipline Board together with proof of service showing service upon the Grievance Administrator and the State Bar of Michigan [306 Townsend Street, Lansing, MI 48933].
"4) Reimbursement to the State Bar of Michigan Client Protection Fund, or agreement to an arrangement satisfactory to the Fund to reimburse the Fund for any money paid from the Fund as a result of his conduct. Failure to fully reimburse as agreed is ground for revocation of reinstatement. Further, the panel recommends the following:
"(a) That Petitioner begin paying forthwith $75 per month during the process of recertification and that once he is reinstated, he pay a minimum of ten percent of his adjusted gross income for the first three years following his reinstatement and return to practice and then if there is a balance still owing at *213 that time, Petitioner pay the balance off within four years of that date in four equal annual payments;
"(b) Further, in regard to the money that has been out-laid by the Fund, Petitioner perform within the next three years 100 hours of community service.
"5) That Petitioner associate when reinstated to the practice with one or more practitioners admitted to the State Bar of Michigan and that if Petitioner works for a governmental agency or is employed by a law firm, that this condition may be waived.
"6) That if Petitioner returns to private practice, he establish a Client Trust Fund and show evidence of the establishment of this fund and the activity performed on behalf of clients, deposits, withdrawals, etc., to a monitor who is a member of the State Bar of Michigan.
"7) That Petitioner will submit, semi-annually once reinstated for a period of three years, a report to a monitor who is a member of the State Bar of Michigan, appointed either by the Grievance Administrator or the Attorney Discipline Board, indicating evidence and accounting of his client trust fund, periodic review of his docket control system for the matters that he is handling, an evaluation and report by an office lawyer associate as to their association with Petitioner and what activity they are aware of in their relationship within the office that they and Petitioner are a part of.
"8) In the event Petitioner associates himself as an employee or associate in a law firm or governmental agency, and has no need to establish a client trust fund, the panel still expects evidence of a docket control system for those cases that Petitioner is handling and an evaluation and report from those attorneys that he is associated and working with."
Any failure to comply with those conditions shall constitute adequate grounds for the Hearing Panel or the Attorney Discipline Board to revoke the reinstatement order.
The conditions that are called recommendations in Paragraph No. 4 of the Hearing Panel order shall become mandatory conditions effective on the date on which the Board of Law Examiners recertifies the petitioner.
WEAVER, Justice, dissents and states as follows:
I dissent from this Court's order that the Board of Law Examiner's (BLE) recertify petitioner. Petitioner was automatically suspended from the practice of law in 1987 and then his license revoked after he pleaded guilty of embezzling funds from a client's trust account. At the end of the probation for the criminal charge, a hearing panel granted reinstatement on October 5, 1993, conditioned on petitioner's recertification by the BLE. The BLE required that petitioner undergo a character and fitness review as part of the recertification process. Petitioner refused and brought this action challenging the BLE's authority to require a character and fitness review as part of the recertification process.
I support the BLE's requirement that this petitioner undergo a character and fitness review before reinstatement. No rule or statute specifically precludes the BLE from requiring a petitioner for reinstatement to the Michigan State Bar to undergo a character and fitness review.[1] I believe that when the statutes and rules pertaining to reinstatement and recertification are read together, it is clear that the BLE has and should continue to have the discretionary authority to require such a review for any reinstatement petitioner.
*214 It is at least as important, if not more relevant, to require petitioners for reinstatement to the bar to undergo a character and fitness review as to require such petitioners to pass a bar examination. Candidates for reinstatement who must undergo recertification as a condition to reinstatement are persons whose acts or failure to act while members of the bar caused them to be disbarred or suspended for more than three years. For the protection of the public, bar members who have violated the trust granted to them as members, should be subject to at least as much scrutiny and examination of their character as first-time applicants who have not yet been entrusted with bar membership.
The Legislature has defined the powers of the BLE as follows:
The board of law examiners has charge of the investigation and examination of all persons who initially apply for admission to the bar of this state. The board may adopt suitable regulations, subject to approval by the supreme court, concerning the performance of its functions and duties. [M.C.L. § 600.925; M.S.A. § 27A.925.]
The first sentence of the statute expressly authorizes the BLE to investigate first-time applicants. However, I believe that the Legislature's failure to address the BLE's authority relative to petitions for reinstatement and specifically the recertification process does not preclude this Court from delegating discretion to the BLE over such petitions.
The Supreme Court has plenary authority to regulate the bar.
The supreme court has the power to provide for the organization, government, and membership of the state bar of Michigan, and to adopt rules and regulations concerning the conduct and activities of the state bar of Michigan and its members, the schedule of membership dues therein, the discipline, suspension, and disbarment of its members for misconduct, and the investigation and examination of applicants for admission to the bar. [M.C.L. § 600.904; M.S.A. § 27A.904.]
As part of its governance powers, the Supreme Court is specifically authorized to make regulations regarding petitions for reinstatement.
The supreme court and each circuit court has jurisdiction to admit to the bar of this state, persons who possess the required qualifications, to disbar or suspend members of the bar for misconduct, and to reinstate licenses to practice law. All such matters and proceedings are declared to be civil in nature, and the venue thereof is subject to regulation by the supreme court. [M.C.L. § 600.910; M.S.A. § 27A.910 (emphasis added).]
Pursuant to its statutory mandate, this Court has drafted and adopted the Rules for the Board of Law Examiners and the Rules Concerning the State Bar. I believe these rules give the BLE discretion to require character and fitness review as part of recertification for reinstatement petitions.
Petitions for reinstatement are addressed under Rule 8 of the Rules for the Board of Law Examiners. Rule 8 allows the BLE broad discretion over recertification for reinstatement petitions:
An applicant for recertification shall file an application and any other material required by the Board. After a hearing the Board shall either recertify the applicant or require that the applicant pass the examination as described in Rule 3. [Emphasis added.]
In this case, the BLE has specified that petitioner must submit to a character and fitness review as part of his reinstatement petition. I believe that this requirement does not exceed the BLE's discretionary authority under Rule 8 and that this Court has the authority to delegate such discretion to the BLE under M.C.L. § 600.904; M.S.A. § 27A.904 and M.C.L. § 600.910; M.S.A. § 27A.910.
Petitioner narrowly focuses on Rule 8's language, which states that after a hearing the BLE shall either "recertify the applicant or require that the applicant pass the examination as described in Rule 3." Petitioner argues that this language allows the BLE only two options. It is true that the rule does not expressly authorize the BLE to require a character and fitness review. *215 However, I believe that the BLE may require a character and fitness review of reinstatement petitioners if it deems it appropriate during the recertification process and that the Legislature recognized that the BLE is especially capable of reviewing the qualifications of individuals seeking bar membership.[2]
Further, I do not believe the bar examination should be administered under Rule 3 without a character and fitness review because Rule 2 requires that each applicant for admission by examination be investigated by the bar character and fitness committee. Rule 2 does not and should not distinguish between first-time applicants and petitioners for reinstatement.
Finally, the Rules Concerning the State Bar support the position that the BLE has the discretion to require a character and fitness review of a petitioner for reinstatement during the recertification process. Rule 15, § 1(2) states:
The standing committee and the district committees under its supervision shall investigate and make recommendations with respect to the character and fitness of every applicant for admission to the bar by bar examination and, upon request of the Board of Law Examiners, the character and fitness of any other applicant for admission. [Emphasis added.]
On the basis of the discretion vested by the Legislature in this Court and by this Court in the BLE, I believe that the BLE has and must have the discretion to require a character and fitness review of any and all petitioners for reinstatement during the recertification process.
RILEY, J., concurs in the statement of Justice WEAVER.
NOTES
[1] In Yashinsky v. Bd. of Law Examiners, 450 Mich. 1208, 539 N.W.2d 378 (1995) this Court ordered the BLE to recertify a petitioner. In that order this Court stated, "Neither Rule 8 of the Rules of the Board of Law Examiners nor any other rule or statute authorizes the Board of Law Examiners to require that an attorney who has been reinstated pursuant to MCR 9.123 and MCR 9.124 also undergo character and fitness review in order to be recertified by the Board of Law Examiners." However, this Court did not state that the BLE was precluded by court rule or statute from requiring a character and fitness review. Furthermore, this Court should continue to review petitions for reinstatement case by case.
[2] M.C.L. § 600.934(1); M.S.A. § 27A.934(1) states:

A person is qualified for admission to the bar of this state who proves to the satisfaction of the board of law examiners that he or she is a person of good moral character, is 18 years of age or older, is a resident of 1 of the states or territories or the District of Columbia, has the required general education, learning in the law, and fitness and ability to enable him or her to practice law in the courts of record of this state.... [Emphasis added.]