GRIEVANCE ADMINISTRATOR v HIBLER

Docket No. 105555. Argued November 4, 1997 (Calendar No. 7). Decided May 19, 1998.

The Attorney Grievance Administrator filed a formal complaint against Thomas M. Hibler, alleging that he had held himself out as an attorney after his disbarment, in violation of MCR 9.119, and had committed other acts of misconduct. The Attorney Discipline Board dismissed the complaint without prejudice on the basis that it did not have jurisdiction over a person whose license to practice law has been revoked, except in regard to acts of misconduct allegedly committed during the period of licensure. The Grievance Administrator seeks reinstatement of the discipline proceeding.

In an opinion per curiam, signed by Chief Justice MALLETT, and Justices BRICKLEY, CAVANAGH, BOYLE, KELLY, and TAYLOR, the Supreme Court *held*:

The Attorney Grievance Commission and the Attorney Discipline Board have jurisdiction to proceed against a disbarred lawyer who violates an order of discipline by continuing to practice law. The jurisdiction continues for the entire period in which the disbarred lawyer is ineligible to seek reinstatement.

1. The court rules do not distinguish between active lawyers and those whose licenses to practice law have been revoked for purposes of the applicability of subchapter 9.100. The word "attorney" is used in subchapter 9.100 to include all persons who have obtained licenses to practice law, regardless of whether a license is presently in effect or has been revoked.

2. Where a disbarred lawyer practices or attempts to practice law during the five-year period of ineligibility to seek reinstatement, the commission and the board may proceed with a formal complaint against the lawyer. If the misconduct is proven, the lawyer may be precluded from petitioning for reinstatement for an additional term of five years. However, if the alleged misconduct occurs after a disbarred lawyer has regained eligibility for licensure, but has not sought reinstatement, the lawyer is subject to an action for the unauthorized practice of law. In addition, the Grievance Administrator may proceed against a disbarred lawyer for contempt of court if the lawyer practices or attempts to practice

law without seeking or after being denied reinstatement. MCR 9.127(B).

Vacated and remanded.

Justice WEAVER, concurring in part and dissenting in part, stated that because the Supreme Court has decided that an attorney can never be truly permanently disbarred, but always will remain eligible to apply for reinstatement, the Attorney Discipline Board and Attorney Grievance Commission should retain jurisdiction over a disbarred attorney accused of practicing law without a license.

*Philip J. Thomas, Susan E. Gillooly,* and *Richard L. Cunningham* for the petitioner.

Amicus Curiae:

*John F. Van Bolt* for the Attorney Discipline Board.

PER CURIAM. We granted leave in this case to decide whether the Attorney Grievance Commission and the Attorney Discipline Board have jurisdiction to proceed with a formal complaint against a disbarred lawyer who violates an order of discipline by continuing to practice law. We hold that the AGC and the ADB do have such jurisdiction, and that it continues for the entire period in which the disbarred lawyer is ineligible to seek reinstatement. We thus remand this matter to the ADB for further proceedings consistent with this opinion.

I

By order of the Attorney Discipline Board, Thomas M. Hibler's license to practice law was revoked effective February 18, 1994. In December 1995, the Attorney Grievance Commission authorized the Grievance Administrator to file a formal complaint against Mr. Hibler, alleging that he had held himself out as an attorney after his disbarment, in violation of MCR 9.119, and had committed other acts of misconduct.

The Attorney Discipline Board dismissed the complaint, without prejudice, on the basis that it does not have jurisdiction over a person whose license to practice law has been revoked, except in regard to acts of misconduct allegedly committed during the period of licensure. The ADB relied on *Grievance Administrator v Attorney Discipline Bd*, 447 Mich 411; 522 NW2d 868 (1994).

The Grievance Administrator wants this Court to reinstate the underlying discipline case involving Mr. Hibler.[1]

II

*Grievance Administrator* involved several unrelated discipline cases that the ADB had dismissed on the ground that the respondents no longer were within the jurisdiction of the ADB because their licenses to practice law had been revoked in earlier proceedings. This Court held that the ADB retained jurisdiction under the Michigan Court Rules to consider misconduct committed during the period of licensure by lawyers who later were disbarred. We emphasized, however, that the ADB has discretion to enter appropriate orders in discipline cases, including orders of discontinuance "if, in the particular circumstances of an individual case, that is the appropriate order." 447 Mich 413.

The ADB would limit our holding in *Grievance Administrator* to the factual circumstance present in

---

[1] On our own motion, we directed the parties to brief the question whether the Court should hold that an order of permanent disbarment is available to the ADB as discipline for the offense of engaging in the practice of law following an order of revocation. We do not reach that issue in this case, but will be considering the question as an administrative matter.

that case, i.e., to misconduct that occurs within the period of licensure, and would exclude misconduct that occurs after revocation. Our decision in *Grievance Administrator* was not so narrow, however.

Before announcing our holding in *Grievance Administrator*, we stated that we found the Grievance Administrator's arguments to be persuasive. Two paragraphs earlier, we had summarized those arguments as follows:

> The Grievance Administrator argues that the court rules continue to govern the conduct of an attorney whose license is revoked,[4] as well as the eligibility requirements and procedure for reinstatement.[5]
>
> [4] MCR 9.119.
> [5] MCR 9.123, 9.124.

As the Grievance Administrator argued in that case and observes in the instant case, the court rules do not distinguish between active lawyers and those whose licenses to practice law have been revoked, for purposes of the applicability of subchapter 9.100 of the MCRs. While it is true that 9.101(5) defines "attorney" to mean "a person regularly licensed or specially admitted to practice law in Michigan," the word "attorney" is used at various places in subchapter 9.100 to include all persons who have obtained licenses to practice law, regardless of whether a license is presently in effect or has been revoked.

For instance, MCR 9.119 governs the conduct of "disbarred, suspended, or inactive attorneys," and its provisions refer to "attorneys" whose licenses have been revoked. See also MCR 9.123, which discusses the eligibility for reinstatement of an "attorney" whose license to practice law has been revoked, and

MCR 9.124, which discusses the steps that an "attorney" must take to be reinstated.

III

We hold that where a disbarred lawyer practices or attempts to practice law during the five-year period in which the lawyer is ineligible to seek reinstatement,[2] the AGC and the ADB may proceed with a formal complaint against the lawyer. If the misconduct is proven, the result will be an additional term of five years in which the lawyer is precluded from petitioning for reinstatement. For example, if the ADB were to find that a disbarred lawyer had represented a client in the second year after the lawyer's license was revoked, the new total period of ineligibility for reinstatement would be eight years, i.e., the three years of ineligibility that remained after the initial disbarment plus an additional five years.

The situation is different, however, if the alleged misconduct occurs after a disbarred lawyer has regained eligibility for licensure, but has not sought reinstatement. In that circumstance, the disbarred lawyer has no more authority to act for others than does a person who never possessed a license to practice law. Such a person is thus subject to an action for the unauthorized practice of law. SBR 16 and MCL 600.916; MSA 27A.916.[3] In addition, the Grievance

---

[2] MCR 9.123(D)(2) provides that a disbarred lawyer may not seek reinstatement to the practice of law until five years after a license is revoked. Under subrule B, it must be proven by clear and convincing evidence that the five years have elapsed, and that the lawyer did not practice or attempt to practice law during that time.

[3] Rule 16 of the Rules Concerning the State Bar of Michigan states:

The State Bar of Michigan is hereby authorized and empowered to investigate matters pertaining to the unauthorized practice of

Administrator may proceed against a disbarred lawyer for contempt of court if the lawyer practices or attempts to practice law without seeking reinstatement, or after being denied reinstatement. MCR 9.127(B).[4]

IV

For the reasons given, we vacate the discontinuance order of the Attorney Discipline Board and direct the ADB to reconsider the underlying discipline case. On remand, the ADB must determine whether, in

---

law and, with the authority of its Board of Commissioners, to file and prosecute actions and proceedings with regard to such matters.

MCL 600.916; MSA 27A.916 provides:

It is unlawful for any person to practice law, or to engage in the law business, or in any manner whatsoever to lead others to believe that he is authorized to practice law or to engage in the law business, or in any manner whatsoever to represent or designate himself as an attorney and counselor, attorney at law, or lawyer, unless the person so doing is regularly licensed and authorized to practice law in this state. Any person who violates the provisions of this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law. This section does not apply to a person who is duly licensed and authorized to practice law in another state while temporarily in this state and engaged in a particular matter.

[4] This subrule provides:

The administrator may enforce a discipline order or an order granting or denying reinstatement by proceeding against a respondent for contempt of court. The proceeding must conform to MCR 3.606. The petition must be filed by the administrator in the circuit court in the county in which the alleged contempt took place, or in which the respondent resides, or has or had an office. Enforcement proceedings under this rule do not bar the imposition of additional discipline upon the basis of the same noncompliance with the discipline order.

light of all the circumstances, a discontinuance is the appropriate resolution of this case.[5]

MALLETT, C.J., and BRICKLEY, CAVANAGH, BOYLE, KELLY, and TAYLOR, JJ., concurred.

WEAVER, J. (*concurring in part and dissenting in part*). I concur in the result, and I agree that the Attorney Grievance Commission and the Attorney Discipline Board have jurisdiction to proceed against a disbarred lawyer who violates an order of discipline by continuing to practice law. I write separately because I disagree with the majority's decision to limit the Attorney Discipline Board and Attorney Grievance Commission's jurisdiction to the period during which the disbarred lawyer is ineligible to seek reinstatement.

The majority states:

> The situation is different, however, if the alleged misconduct occurs after a disbarred lawyer has regained eligibility for licensure, but has not sought reinstatement. In that cir-

---

[5] As noted, although we found jurisdiction in *Grievance Administrator*, we also emphasized that the ADB has discretion to enter appropriate orders in discipline cases, including orders of discontinuance without prejudice to further proceedings, where appropriate. For example, where the alleged misconduct is that a disbarred attorney has engaged in an isolated act that constitutes the practice of law, but there are no other allegations of wrongdoing, the ADB reasonably might conclude, in a particular case, that a formal proceeding under MCR 9.115 is not appropriate. In this regard, we noted above that the Grievance Administrator has authority under MCR 9.127(B) to initiate a contempt action to enforce a discipline order. The administrator argues that the use of this procedure does not preclude the AGC from also authorizing a formal complaint, and that the failure of the ADB to conduct formal proceedings will impede the administrator's ability to later produce full character evidence, should a disbarred lawyer seek reinstatement. While it is true that the initiation of a contempt action does not bar the filing of a formal complaint, neither is the ADB precluded from considering the existence of such a proceeding in determining an appropriate order in a particular case.

cumstance, the disbarred lawyer has no more authority to act for others than does a person who never possessed a license to practice law. [*Ante*, p 262.]

This is an irrelevant difference without a distinction. A disbarred attorney who is eligible to reapply for admission to the bar is still in a very different position than one who was never licensed as an attorney. The disbarred attorney was previously held out to the public as a member of the bar. The disbarred attorney is also able to be reinstated without undergoing a character and fitness review. *Kelly v Bd of Law Examiners*, 454 Mich 1206 (1997).[1]

Because this Court has decided (a decision with which I continue to disagree) that an attorney can never be truly permanently disbarred, but always will remain eligible to apply for reinstatement, I believe that the ADB and AGC should retain jurisdiction over the disbarred attorney when he is accused of practicing law without a license.

---

[1] As I stated in *Kelly*, I believe the Board of Law Examiners has and should continue to have the discretionary authority to require such a review.