GRIEVANCE ADMINISTRATOR v HAMILTON, No. 112516.

*Orders Entered April 28, 1999:*

PROPOSED AMENDMENT OF SUBCHAPTER 9.100 OF THE MICHIGAN COURT RULES. On order of the Court, this is to advise that the Court is considering amendments of Rules 9.101, 9.106, and 9.123 of the Michigan Court Rules. Before determining whether the proposals should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposals. We welcome the views of all who wish to address the proposals or who wish to suggest alternatives.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of these proposals does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposals in their present form.

---

[1] US Const, Am I.

[2] Const 1963, art 1, § 4.

[The present language would be amended as indicated below:]

VERSION 1—ATTORNEY GRIEVANCE COMMISSION PROPOSAL

RULE 9.101. DEFINITIONS.
As used in subchapter 9.100:
(1)-(13) [Unchanged.]
(14) "permanent disbarment" means a revocation of the license to practice law with no possibility of reinstatement.

RULE 9.106. TYPES OF DISCIPLINE; MINIMUM DISCIPLINE; ADMONISHMENT.
Misconduct is grounds for:
(1) permanent disbarment;
(1)-(6) [Renumbered (2)-(7), but otherwise unchanged.]

RULE 9.123. ELIGIBILITY FOR REINSTATEMENT.
(A) [Unchanged.]
(B) Revocation or Suspension More Than 179 Days. An attorney who has not been permanently disbarred and whose license to' practice law has been revoked or suspended for more than 179 days is not eligible for reinstatement until the attorney has petitioned for reinstatement under MCR 9.124 and has established by clear and convincing evidence that:
(1)-(9) [Unchanged.]
(C)-(D) [Unchanged.]

VERSION 2—ATTORNEY GRIEVANCE COMMISSION PROPOSAL

RULE 9.106. TYPES OF DISCIPLINE; MINIMUM DISCIPLINE; ADMONISHMENT; EFFECT OF REVOCATION.
(A) Discipline and Admonishment. Misconduct is grounds for:
(1) revocation of the license to practice law in Michigan;
(2) suspension of the license to practice law in Michigan for a specified term, not less than 30 days, with such additional conditions relevant to the established misconduct as a hearing panel, the board, or the Supreme Court may impose, and, if the term exceeds 179 days, until the further order of a hearing panel, the board, or the Supreme Court:
(a) for a specified term not less than 30 days and not more than 179 days;
(b) for a term of 180 days to 3 years and until further order of a hearing panel, the board, or the Supreme Court;
(c) for a term of 3 years or more and until further order of a hearing panel, the board, or the Supreme Court and recertification by the Board of Law Examiners.
(3)-(6) [Unchanged.]
(B) Factors to be Considered. In its determination that an attorney's license shall be revoked or suspended for a term greater than 179 days, a hearing panel, the Attorney Discipline Board, or the Supreme Court shall consider all appropriate factors including, but not limited to, the following:

(1) the nature of the underlying conduct;

(2) aggravating circumstances, including prior discipline, admonishments, and placement of the respondent on contractual probation;

(3) mitigating circumstances;

(4) likelihood of rehabilitation;

(5) protection of the public, the courts, and the legal profession;

(6) length of any automatic interim suspension imposed pursuant to MCR 9.120(B)(1) following a felony conviction.

(C) Effect of Revocation. A disbarred attorney may not petition for reinstatement under subchapter 9.100 unless leave has been granted by the Supreme Court.

Rule 9.123. Eligibility for Reinstatement.

(A) [Unchanged.]

(B) ~~Revocation or~~ Suspension More Than 179 Days. An attorney whose license to practice law has been ~~revoked or~~ suspended for more than 179 days is not eligible for reinstatement until the attorney has petitioned for reinstatement under MCR 9.124 and has established by clear and convincing evidence that:

(1) [Unchanged.]

(2) the term of the suspension ordered has elapsed ~~or 5 years have elapsed since revocation of the license~~;

(3)-(9) [Unchanged.]

(C) Reinstatement After Three Years. An attorney who, as a result of disciplinary proceedings, resigns~~, is disbarred,~~ or is ~~suspended~~ disqualified from the practice of law for any period of time, and who does not practice law for 3 years or more, whether as the result of the period of discipline or voluntarily, must be recertified by the Board of Law Examiners before the attorney may be reinstated to the practice of law.

(D) Petition for Reinstatement; Filing Limitations.

(1) [Unchanged.]

(2) An attorney whose license to practice law has been revoked may not file a petition for reinstatement ~~until 5 years have elapsed since revocation of the license~~ under subchapter 9.100 unless leave has been granted by the Supreme Court.

(3) An attorney whose license to practice law has been ~~revoked or~~ suspended and who has been denied reinstatement may not file a new petition for reinstatement until at least 180 days from the effective date of the most recent hearing panel order granting or denying reinstatement.

*Staff Comment:* In *Grievance Administrator v Hibler*, 457 Mich 258, 260, n 1 (1998), the Supreme Court announced that it would be considering whether an order of permanent disbarment should be available as a discipline option. At the Court's request, the Attorney Grievance Commission and the Attorney Discipline Board submitted draft language. The Court is now publishing for comment those proposals as Version No. 1 and Version No. 2, respectively.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 60 days after it is published in the *Michigan Bar Journal*. When filing a comment, please refer to our file number. 96-59.

PROPOSED AMENDMENT OF MCR 9.123. On order of the Court, this is to advise that the Court is considering an amendment of Rule 9.123 of the Michigan Court Rules. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal. We welcome the views of all who wish to address the proposal or who wish to suggest alternatives.

As whenever this Court publishes an administrative proposal for comment, we emphasize that publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

RULE 9.123. ELIGIBILITY FOR REINSTATEMENT.

(A)-(C) [Unchanged.]

(D) Petition for Reinstatement; Filing Limitations.

(1) Except as provided in subrule (D)(3), an attorney whose license to practice law has been suspended may not file a petition for reinstatement earlier than 56 days before the term of suspension ordered has fully elapsed.

(2) [Unchanged.]

(3) An attorney whose license to practice law has been suspended because of conviction of a felony may not file a petition for reinstatement until six months have elapsed since completion of the sentence imposed, including any period of probation or parole.

(3̶4̶) [Renumbered, but otherwise unchanged.]

*Staff Comment*: The proposed amendment of Rule 9.123(D) would preclude a lawyer whose license to practice law is suspended because of a felony conviction from applying for reinstatement until six months have elapsed since completion of the sentence imposed for the conviction, including any period of probation or parole.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 60 days after it is published in the *Michigan Bar Journal*. When filing a comment, please refer to our file number. 98-51.